# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THOMAS VALLATINI, *et al.*, <br><br> Defendants. | CV. NO. 17-00538 DKW-KJM <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT III** |

## INTRODUCTION

Cumis Insurance Society, as subrogee, seeks to recover from Vallatini the claims paid to its insured and Vallatini's employer, Kauai Government Employee's Federal Credit Union ("KGE"), as a result of Vallatini's allegedly fraudulent lending practices. Vallatini moves to dismiss the breach of implied contract claim asserted in Count III. The First Amended Complaint ("FAC"), however, adequately states a claim for breach of implied contract based upon Vallatini's implied obligation, as a condition of his continued employment with KGE, that he would "comply with company policy regarding approval of loans to borrowers and selling repossessed vehicles to the highest bidder." FAC ¶ 18. KGE performed under the implied-in-fact contract, while Vallatini, allegedly, did not. Because Cumis, as subrogee, alleges it suffered pecuniary losses when it paid claims under the fidelity

bond to KGE, which were a reasonably foreseeable consequence of Vallatini's breach, Cumis may seek to recover these losses as an available breach of contract remedy. Accordingly, the Court DENIES Vallatini's Motion to Dismiss Count III for failure to state a claim and his alternative request to bar Cumis from seeking monetary damages on its breach of implied contract claim.

## BACKGROUND

### I.   Plaintiff's Allegations

Cumis provides insurance products, including fidelity bonds, to federal credit unions. FAC ¶ 1, Dkt. No. 29. Cumis issued a fidelity bond to KGE providing coverage for losses incurred as a result of fraudulent or dishonest acts by specified individuals, including Vallatini. FAC ¶ 5. Vallatini was employed by KGE as a Senior Loan Manager, FAC ¶ 2, and his allegedly fraudulent acts committed "between 2008–2014 in approving loans for various members of the Credit Union," resulted in Cumis "making payments under the fidelity bond, which now forms the basis of this lawsuit," FAC ¶ 6.

On August 21, 2014, KGE notified Cumis of its claims under the fidelity bond, seeking repayment of losses incurred when borrowers defaulted on loans improperly approved by Vallatini. According to Cumis, in approving loans to certain borrowers in violation of KGE policies, Vallatini "knowingly and intentionally misrepresented that various members were qualified borrowers when

2

in fact, they were not[.]" FAC ¶ 6. As a result of KGE's claim on the bond, Cumis alleges it "became obligated to pay the Credit Union sums in excess of this court's minimum jurisdiction, and Cumis has since become subrogated to the rights of, and stands in the shoes of the Credit Union to pursue Defendant Vallatini and any other responsible third party for reimbursement of this amount[.]" FAC ¶ 7.

## II. Vallatini's Motion to Dismiss Count III

Following dismissal of the prior complaint with leave to amend, Dkt. No. 26, Cumis, as subrogee of KGE, alleges three causes of actions against Vallatini: (1) fraudulent misrepresentation (Count I); (2) negligent misrepresentation (Count II); and (3) breach of implied contract (Count III).[1] Vallatini seeks dismissal under Rule 12(b)(6) of Count III for failure to state a claim for breach of implied contract and to plead allowable damages under the same. Count III alleges, in part, that:

> an implied contract existed as between the Credit Union and Defendant whereby Defendant agreed not to misrepresent information to the Credit Union regarding borrowers' qualification for loans, not to grant preferential treatment to any borrower, to properly record security interests in any collateral, to act in good faith [with] respect to []his duties as Senior Loan

---

[1] CUNA Mutual Group filed the original Complaint on October 27, 2017. Compl., Dkt. No. 1. After filing an Errata correcting the Plaintiff's name on November 3, 2017, Dkt. No. 7, Plaintiff Cumis Insurance Society, Inc. filed an Amended Complaint against Vallatini, Dkt. No. 9, on November 6, 2017, asserting claims for Fraudulent Misrepresentation (Count I), Negligent Misrepresentation (Count II), and Breach of Contract (Count III). The Court dismissed the Amended Complaint with leave amend on April 26, 2018, Dkt. No. 26, and Cumis filed the operative pleading (entitled "First Amended Complaint") on May 25, 2018. For clarity, the Court adopts the parties' usage and refers to the instant complaint as Plaintiffs' First Amended Complaint ("FAC").

3

> Manager, and to comply with company policy regarding approval of loans to borrowers and selling repossessed vehicles to the highest bidder, among other things.

FAC ¶ 18. Cumis further asserts that KGE performed its obligations under the implied contract by continuing to employ and pay compensation to Vallatini, FAC ¶¶ 19–20. However, "each of the misrepresentations made by Defendant to the Credit Union as set forth in [the FAC] constitute a failure to perform under the implied contract, and said failures to perform were not excused." FAC ¶ 21. Cumis contends that as "the subrogated insurer of the Credit Union [it] stands in the shoes of its insured, and thus has privity of contract with Defendant [Vallatini]." FAC ¶ 22.

Vallatini maintains that Cumis fails to sufficiently allege the existence of an implied contract between himself and KGE in the at-will employment context.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

A court may consider certain documents attached to a complaint, as well as documents incorporated by reference in the complaint, or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003); Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).[2]

## DISCUSSION

Cumis adequately states a claim for breach of an implied contract based upon Vallatini's implied obligation, as a condition of his continued employment with KGE, that he would "comply with company policy regarding approval of loans to borrowers and selling repossessed vehicles to the highest bidder." FAC ¶ 18. KGE performed under the implied-in-fact contract, while Vallatini, allegedly, did not. Because Cumis, as subrogee, alleges it suffered pecuniary losses when it paid claims under the bond to KGE, the Court determines that Count III sufficiently states

---

[2]The Court declines to consider Vallatini's Declaration attached to his Motion, Dkt. No. 31-2, and instead limits review to matters properly before it on a Rule 12(b)(6) motion to dismiss. Nevertheless, even if taken into account, the factual background set forth in the Vallatini Declaration does not affect the Court's ruling with respect to the sufficiency of Plaintiff's allegations in the FAC, which are assumed to be true.

5

a breach of implied contract claim against Vallatini, and that Cumis may seek available remedies for breach of contract.

## I.     Count III States a Claim for Breach of Implied Contract

Cumis sufficiently alleges the elements of a claim for breach of an implied contract between Vallatini and KGE.   To state such a claim, a plaintiff must allege the breach of "an agreement in fact," which is not express but "is implied or presumed" based upon the actions of the parties.  *Kemp v. State of Hawaii Child Support Enforcement Agency*, 111 Hawai'i 367, 391, 141 P.3d 1014, 1038 (2006); *see also Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai'i 490, 504, 100 P.3d 60, 74 (2004) (Under Hawaii law, an implied contract can be found where the intentions of the parties are not expressed, "but an agreement in fact, creating an obligation, is implied or presumed from their acts.") (citation omitted); *Davis v. Four Seasons Hotel Ltd.*, No. CIV. 08-00525-HG-LEK, 2010 WL 3946428, at *14 (D. Haw. Sept. 30, 2010).[3]   An implied contract, like an oral contract, may be enforceable upon proof of "an offer, an acceptance, and consideration," as evidenced by the conduct of the parties.  *See In re Estate of Tahilan v. Friendly Care Home Health Servs., Inc.*, 731 F. Supp. 2d 1000, 1006 (D. Haw. 2010) (quoting *Douglass v.

---

[3]The Hawai'i Supreme Court has found such an obligation "in the case where a person performs services for another, who accepts the same, the services not being performed under such circumstances as to show that they were intended to be gratuitous, or where a person performs services for another on request."  *Kemp*, 141 P.3d at 1038 (quoting *Durette*, 100 P.3d at 74 (internal citations and quotation marks omitted)).

*Pflueger Haw., Inc.*, 135 P.3d 129, 134 (Haw. 2006) (noting that implied, oral employment contract included these requirements where employer offered employee the position, employee accepted, thereby obligating employer to pay for the hours worked at the stated wage and the employee to perform his duties)); *Evergreen Eng'g, Inc. v. Green Energy Team LLC*, 884 F. Supp. 2d 1049, 1059 (D. Haw. 2012) (quoting *In re Doe*, 978 P.2d 166, 174 (Haw. 1999)) (stating elements of breach of contract claim).

Cumis adequately alleges consideration "in the form of employment and compensation in exchange for the implied promises," FAC ¶ 19, "whereby Defendant agreed not to misrepresent information to the Credit Union regarding borrowers' qualification for loans, not to grant preferential treatment to any borrower, to properly record security interests in any collateral, [and] to act in good faith [with] respect to []his duties as Senior Loan Manager." FAC ¶ 18.

Vallatini argues that Cumis' implied-in-fact contract allegations are insufficient in the at-will employment context because the FAC "does not allege any qualifying statements or actions by either party that would modify the relationship between KGE and Defendant from an employment-at-will relationship to something more." Mem. in Supp. at 5, Dkt. No. 30-1. Vallatini is mistaken. To the extent the wrongful termination cases he relies upon are even supportive of his argument in

this insurance subrogation matter,[4] Cumis has, in fact, alleged that Vallatini's employment relationship with KGE was subject to his "implied promise" to "comply with *company policy* regarding approval of loans to borrowers and selling repossessed vehicles to the highest bidder." FAC ¶ 18 (emphasis added).

---

[4]The wrongful termination cases that Vallatini relies upon are principally concerned with whether an implicit promise of job security is created by an employee handbook or other company policy. Thus, these cases are not squarely on all fours with the facts alleged in the FAC. *See* Mem. in Supp. at 4–5 (citing *Pagdilao v. Maui Intercontinental Hotel*, 703 F. Supp. 863, 866 (D. Haw. 1988), and *Kinoshita v. Canadian Pac. Airlines, Ltd.*, 68 Haw. 594, 724 P.2d 110 (1986)). For example, in *Clemmons v. Hawaii Medical Services Ass'n*, 836 F. Supp. 2d 1126 (D. Haw. 2011), the district court traced the possible effect of language in an employee manual in several wrongful termination cases brought against employers:

> Clemmons cites to *Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawaiʻi 92, 176 P.3d 91 (2008), and *Shoppe v. Gucci Am., Inc.*, 94 Hawaiʻi 368, 14 P.3d 1049 (2000), for the proposition that "if an employer issues policy statements or rules, in a manual or otherwise, and, by its language or by the employer's actions, encourages reliance thereon, the employer cannot be free to only selectively abide by it." Opposition at 28, ECF No. 87. However, *Kamaka*, *Shoppe*, and a related line of Hawaii cases that support this principle are concerned with implicit promises of job security, not with a general promise to be fair. *See, e.g., Kamaka*, 117 Hawaiʻi at 119, 176 P.3d at 118 (concerned with whether employee handbook changed at-will employment); *Shoppe*, 94 Hawaiʻi at 385, 14 P.3d at 1066 (same); *Kinoshita v. Canadian Pac. Airlines, Ltd.*, 68 Haw. 594, 724 P.2d 110 (1986) (concerned with policies regarding job security and reliance thereon). The court finds no authority that an employee handbook or manual promising that an employer will treat employees fairly constitutes an enforceable contract. *See Boteilho v. Boteilho*, 58 Haw. 40, 42, 564 P.2d 144, 146 (1977) (to be enforceable, a contract must be certain and definite as to its essential terms).

*Clemmons*, 836 F. Supp. 2d at 1142–43. The preceding discussion illustrates the subtle distinction between cases initiated by terminated employees seeking to gain the benefit of an implied-in-fact contract against an at-will employer on the one hand, and cases brought by a defrauded employer seeking to recover losses incurred from an employee who breached company policies during the course of employment, on the other. Neither party here appears to assert that Vallatini was anything other than an at-will employee.

Moreover, the FAC catalogs the various policies that Vallatini violated, FAC ¶ 8, thereby breaching the terms of the implied-in-fact contract with KGE, FAC ¶ 21.

In sum, Cumis sufficiently alleges that Vallatini breached an implied contract with KGE that he would "comply with company policy regarding approval of loans to borrowers and selling repossessed vehicles to the highest bidder, among other things." FAC ¶ 18. Assuming the allegations in the FAC are true, it is plausible that a jury could find that an implied-in-fact contract existed between KGE and Vallatini that created an obligation on the part of Vallatini to comply with particular KGE company policies. Based upon the allegation that Cumis has valid rights as subrogee to stand in the shoes of KGE, whom Cumis alleges performed its obligations under the implied contract, FAC ¶ 20–22, the Court determines that Count III sufficiently states a breach of implied contract claim against Vallatini.

## II. The Motion Is Denied in All Respects, Including as to Damages

Vallatini alternatively argues that "even if an implied contract existed between KGE and Defendant wherein Defendant agreed not to misrepresent information to KGE, the remedy for any alleged breach of an implied employment contract by Defendant is termination." Mem. in Supp. at 5. The remedy, Vallatini asserts, is *limited to* termination. Vallatini, however, provides no legal authority in support of this assertion. Instead, he recites the bedrock standard applicable to the recovery of actual damages in contract actions: "[c]ontract damages are generally

limited to those within the contemplation of the parties when the contract was entered into or at least reasonably foreseeable by them at that time; consequential damages beyond the expectations of the parties are not recoverable." *See* Mem. in Supp. at 5–6 (quoting *Francis v. Lee Enters., Inc.*, 89 Hawai'i 234, 239–40, 971 P.2d 707, 712–13 (1999)) (contrasting the different types of damages awarded in tort and in contract actions) (quoting *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85, 44 Cal.Rptr.2d 420, 900 P.2d 669, 682 (Cal. 1995)).

Indeed, damages for breach of contract—whether the contract is express or implied—must be reasonably foreseeable in accordance with the parties' expectations. That is because damages for breach of contract are designed to make the non-breaching party whole. Under well-established Hawaii law, "'when one sustains a loss by breach of a contract, he [or she] is entitled to have just compensation commensurate with his [or her] loss' and 'that damages awarded should be in such amount as will actually or as precisely as possible compensate the injured party.'" *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 128, 839 P.2d 10, 32 (1992) (quoting *Ferreira v. Honolulu Star-Bulletin, Ltd.*, 44 Haw. 567, 573–74, 356 P.2d 651, 655, *reh'g denied*, 44 Haw. 581, 357 P.2d 112 (1960)).[5]

---

[5] *Cf. Francis v. Lee Enters., Inc.*, 89 Hawai'i 234, 242, 971 P.2d 707, 715 (1999) ("Of course, the existence of a contract will not defeat otherwise valid claims for relief sounding in tort, such as fraud, where punitive damages are allowed in order to vindicate social policy.").

10

Here, the non-breaching party may properly seek to recover its compensatory damages—characterized in the FAC as "reimbursement"—for actual losses sustained as a result of Defendant's alleged breach. *See Amfac, Inc.*, 74 Haw. at 128, 839 P.2d at 32 (the non-breaching party "is entitled to have just compensation commensurate with [its] loss" and "damages awarded should be in such amount as will actually or as precisely as possible compensate the injured party") (citation and internal quotation marks omitted)). The claimed losses sustained by Cumis and its insured, KGE, are reasonably foreseeable damages that flow from the type of breach attributed to Vallatini. *See Bow v. Nakamura*, 6 Haw. App. 290, 293, 719 P.2d 1103, 1106 (1986) (explaining that "damages can be recovered as are the natural and proximate consequence of its breach . . . direct damages flowing from the breach are always recoverable").[6] Plaintiff's allegations are sufficient to allege foreseeable damages at this preliminary stage.[7] Accordingly, the Court denies Vallatini's

---

[6]*See also Anchor Sav. Bank, FSB v. United States*, 597 F.3d 1356, 1364 (Fed. Cir. 2010) (describing "the generally recognized rule that foreseeability for purposes of determining contract damages requires 'merely that the injury actually suffered must be one of a kind that the defendant had reason to foresee and of an amount that is not beyond the bounds of reasonable prediction. . . . 'Just as reason to foresee does not mean actual foresight, so also it is not required that the facts actually known to the defendant are enough to enable the defendant to foresee that a breach will cause a specific injury or a particular amount in money.'") (quoting 11 Joseph M. Perillo, *Corbin on Contracts* § 56.7, at 108 (rev. ed. 2005)); *id*. (quoting E. Allan Farnsworth, *Farnsworth on Contracts* § 12.14, at 260–61 (3d ed. 2004) ("There is no requirement that the breach itself or the particular way that the loss came about be foreseeable.")).

[7]*See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-16997, 2018 WL 2229329, at *2 (9th Cir. May 16, 2018) (holding that plaintiffs' allegations regarding breach of non-disclosure agreement sufficiently alleged foreseeable damages for purpose of surviving

11

Motion to the extent it requests a ruling that Cumis is limited to Vallatini's termination as a remedy for prevailing on its breach of implied contract claim.

## CONCLUSION

For the foregoing reasons, Vallatini's Motion to Dismiss Count III, Dkt. No. 30, is DENIED.

IT IS SO ORDERED.

DATED: July 16, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Cumis Ins. Soc'y, Inc. v. Vallatini et al.*, CV. NO. 17-00538 DKW-KJM; **ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT III**

---

motion to dismiss) (citing *Mnemonics, Inc. v. Max Davis Assocs., Inc*., 808 So.2d 1278, 1281 (Fla. Dist. Ct. App. 2002) ("It is not necessary to prove that the parties contemplated the precise injuries that occurred so long as the actual consequences could have reasonably been expected to flow from the breach."); *Civic Ctr. Drive Apartments Ltd. P'ship v. Sw. Bell Video Servs*., 295 F. Supp. 2d 1091, 1107 (N.D. Cal. 2003) ("Whether damages arising from a breach of contract were reasonably foreseeable is a question of fact" under state law.)).